FILED by MB D.C.

ELECTRONIC

Nov. 25, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## 08-23284-CIV-GOLD/McALILEY

WALTER A. MORENO,

    Plaintiff,

vs.

OSTERIA DE GLI AMICI, LLC.,
a Florida Corporation, and
JOSE D. DAVILA, an individual,

    Defendants.

_____/

### COMPLAINT FOR DAMAGES

Plaintiff, WALTER A. MORENO, sues Defendants, OSTERIA DE GLI AMICI, LLC., and JOSE D. DAVILA, and shows:

### Introduction

1.    This is an action by WALTER A. MORENO against his former employers for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3.    The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4.    Plaintiff, WALTER A. MORENO, (hereinafter "MORENO") a resident of Miami-Dade County, was at all times material, employed by OSTERIA DE GLI AMICI, LLC. as a sou-chef, was an employee as defined by 29 U.S.C. § 203 (e), and during his employment with

OSTERIA DE GLI AMICI, LLC., was engaged in commerce or in the production of goods for commerce.

5. Defendant, OSTERIA DE GLI AMICI, LLC. (hereinafter, "OSTERIA"), is a Florida Limited Liability Company doing business in Miami-Dade, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. §§ 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the offices where MORENO was employed.

6. Defendant, JOSE D. DAVILA (hereinafter "DAVILA"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant OSTERIA.

7. Defendant DAVILA acted and acts directly in the interests of Defendant OSTERIA, in relation to its employees. Thus, DAVILA was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

### Count I – Violation of FLSA by Defendant OSTERIA – Overtime

8. Plaintiff, WALTER A. MORENO, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

9. Since on or about October 28, 2008 up to and including November 17, 2008, defendant OSTERIA has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MORENO, since October 2008, has worked in excess of 40 hours a week every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

10. The failure to pay overtime compensation to MORENO is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if MORENO was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to MORENO.

11. OSTERIA's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MORENO's status as non-exempt, but chose not to pay him in accordance with the Act.

12. MORENO is entitled pursuant to 29 U.S.C. § 216(b), to recover from OSTERIA:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, WALTER A. MORENO, prays that this court will grant judgment against defendant OSTERIA:

    a. awarding MORENO payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b. awarding MORENO an additional equal amount as liquidated damages;

    c. awarding MORENO his costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

### Count II –Violation of FLSA by Defendant JOSE D. DAVILA – Overtime

13. Plaintiff, WALTER A. MORENO, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 4, 6 and 7 above.

14. Since on or about October 28, 2008, up to and including November 17, 2008, defendant DAVILA has willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically MORENO, since October 2008, has worked in excess of 40 hours a week every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

15. The failure to pay overtime compensation to MORENO is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if MORENO was exempt, JOSE D. DAVILA's actions and/or conduct have effectively removed any exemption that may have applied to MORENO.

16. JOSE D. DAVILA's actions were willful and purposeful as he was well aware of the Fair Labor Standards Act and MORENO's status as non-exempt, but chose not to pay him in accordance with the Act.

17. MORENO is entitled pursuant to 29 U.S.C. § 216(b), to recover from JOSE D. DAVILA:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, WALTER A. MORENO, prays that this court will grant judgment against defendant JOSE D. DAVILA:

      a.    awarding MORENO payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

      b.    awarding MORENO an additional equal amount as liquidated damages;

      c.    awarding MORENO his costs, including a reasonable attorney's fee; and

      d.    granting such other and further relief as is just.

Dated: November 24, 2008
Plantation, Florida

Respectfully submitted,

_____
Robert S. Norell  (Fla. Bar No. 996777)
E-Mail: robnorell@aol.com
ROBERT S. NORELL, P.A.
7350 N.W. 5th Street
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for WALTER A. MORENO

JS 44 (Rev. 2/08)

# 08-23284-CIV-GOLD/McALILEY
## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**FILED** NOV. 25, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
ELECTRONIC

### I. (a) PLAINTIFFS
WALTER A. MORENO

### DEFENDANTS
OSTERIA DE GLI AMICI, LLC., and JOS[...]

**(b)** County of Residence of First Listed Plaintiff: MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
ROBERT S. NORELL, P.A.
7350 NW 5TH STREET, PLANTATION FL. 33317
TEL.: 954-617-6017

Attorneys (If Known)
08cv 23284-ASG/CMM

(d) Check County Where Action Arose: ✓ MIAMI-DADE □ MONROE □ BROWARD □ PALM BEACH □ MARTIN □ ST. LUCIE □ INDIAN RIVER □ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

□ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
□ 2 U.S. Government Defendant
□ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane | □ 362 Personal Injury - Med. Malpractice | □ 620 Other Food & Drug | □ 423 Withdrawal 28 USC 157 | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product Liability | □ 365 Personal Injury - Product Liability | □ 625 Drug Related Seizure of Property 21 USC 881 | | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | □ 368 Asbestos Personal Injury Product Liability | □ 630 Liquor Laws | **PROPERTY RIGHTS** | □ 450 Commerce |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers' Liability | | □ 640 R.R. & Truck | □ 820 Copyrights | □ 460 Deportation |
| □ 151 Medicare Act | □ 340 Marine | | □ 650 Airline Regs. | □ 830 Patent | □ 470 Racketeer Influenced and Corrupt Organizations |
| □ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | □ 345 Marine Product Liability | **PERSONAL PROPERTY** | □ 660 Occupational Safety/Health | □ 840 Trademark | □ 480 Consumer Credit |
| □ 153 Recovery of Overpayment of Veteran's Benefits | □ 350 Motor Vehicle | □ 370 Other Fraud | □ 690 Other | | □ 490 Cable/Sat TV |
| □ 160 Stockholders' Suits | □ 355 Motor Vehicle Product Liability | □ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | □ 810 Selective Service |
| □ 190 Other Contract | □ 360 Other Personal Injury | □ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | □ 861 HIA (1395ff) | □ 850 Securities/Commodities/Exchange |
| □ 195 Contract Product Liability | | □ 385 Property Damage Product Liability | □ 720 Labor/Mgmt. Relations | □ 862 Black Lung (923) | □ 875 Customer Challenge 12 USC 3410 |
| □ 196 Franchise | | | □ 730 Labor/Mgmt.Reporting & Disclosure Act | □ 863 DIWC/DIWW (405(g)) | □ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | □ 740 Railway Labor Act | □ 864 SSID Title XVI | □ 891 Agricultural Acts |
| □ 210 Land Condemnation | □ 441 Voting | □ 510 Motions to Vacate Sentence | □ 790 Other Labor Litigation | □ 865 RSI (405(g)) | □ 892 Economic Stabilization Act |
| □ 220 Foreclosure | □ 442 Employment | **Habeas Corpus:** | □ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | □ 893 Environmental Matters |
| □ 230 Rent Lease & Ejectment | □ 443 Housing/Accommodations | □ 530 General | | □ 870 Taxes (U.S. Plaintiff or Defendant) | □ 894 Energy Allocation Act |
| □ 240 Torts to Land | □ 444 Welfare | □ 535 Death Penalty | | □ 871 IRS—Third Party 26 USC 7609 | □ 895 Freedom of Information Act |
| □ 245 Tort Product Liability | □ 445 Amer. w/Disabilities - Employment | □ 540 Mandamus & Other | **IMMIGRATION** | | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| □ 290 All Other Real Property | □ 446 Amer. w/Disabilities - Other | □ 550 Civil Rights | □ 462 Naturalization Application | | |
| | □ 440 Other Civil Rights | □ 555 Prison Condition | □ 463 Habeas Corpus-Alien Detainee | | □ 950 Constitutionality of State Statutes |
| | | | □ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
□ 2 Removed from State Court
□ 3 Re-filed- (see VI below)
□ 4 Reinstated or Reopened
□ 5 Transferred from another district (specify)
□ 6 Multidistrict Litigation
□ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case □ YES ✓ NO   b) Related Cases □ YES ✓ NO
JUDGE                          DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, unpaid overtime

LENGTH OF TRIAL via 2-3 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
□ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: □ Yes ✓ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE November 24, 2008

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 544748   IFP